1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TRACIE DOTSON and LINDSEY MURPHY,

11            Plaintiff,                         Civ. No. S-10-3484 KJM DAD

12        vs.

13   METROCITI MORTGAGE; BAC
     HOME LOANS SERVICING LP; and              ORDER
14   DOES 1-50, inclusive,

15            Defendants.

16   _____/

17            This action, one of many filed by homeowners attempting to avoid or set aside

18   foreclosure, was initially filed in Sacramento County Superior Court and removed to this court

19   by defendant BAC Home Loans Servicing (BAC) based on this court's federal question

20   jurisdiction.  The complaint asserts six causes of action:  misrepresentation and fraud; rescission

21   based on a cognovit note;[1] wrongful foreclosure; quiet title; unfair business practices; and civil

22   RICO violations.  BAC has filed a motion to dismiss for failure to state a claim.  Plaintiffs did

23   /////

24   _____

25        [1]  A cognovit note is a promissory note containing a clause "by which a debtor agrees to
     jurisdiction in certain courts, waives notice requirements, and authorizes the entry of an adverse
26   judgment in the event of a default or breach."  Black's Law Dictionary (9th Ed. 2009) (definition
     of "cognovit note" and "cognovit clause.").

1   not initially oppose, but after the court issued an order to show cause, plaintiffs' counsel filed an

2   opposition.  The court submitted the motion on the pleadings.

3   I.  <u>Standards for A Motion To Dismiss</u>

4            Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

5   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

6   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

7   under a cognizable legal theory."  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699

8   (9th Cir. 1990).  A motion to dismiss under this rule may also challenge the sufficiency of fraud

9   allegations under the more particularlized standard of Rule 9(b) of the Federal Rules of Civil

10   Procedure.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

11            Although a complaint need contain only "a short and plain statement of the claim

12   showing that the pleader is entitled to relief," ( Fed. R. Civ. P. 8(a)(2)), in order to survive a

13   motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

14   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct.

15   1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).  A

16   complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-

17   me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a

18   cause of action.'"  *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Determining

19   whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-

20   specific task that requires the reviewing court to draw on its judicial experience and common

21   sense."  *Iqbal*, 129 S.Ct. at 1950.  Ultimately, the inquiry focuses on the interplay between the

22   factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v.*

23   *King & Spalding*, 467 U.S. 69, 73 (1984).

24            In making this context-specific evaluation, this court must construe the complaint

25   in the light most favorable to the plaintiff and accept as true the factual allegations of the

26   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

1   conclusion couched as a factual allegation,'" (*Papasan v. Allain*, 478 U.S. 265, 286 (1986)

2   (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

3   to judicial notice" or to material attached to or incorporated by reference into the complaint.

4   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

5           A court's consideration of documents attached to a complaint or incorporated by

6   reference or matter of judicial notice will not convert a motion to dismiss into a motion for

7   summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of

8   Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284

9   F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on

10  motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

11          BAC has asked this court to take judicial notice of the Deed of Trust encumbering

12  8986 Haflinger Way in Elk Grove, California, dated May 12, 2008 and signed by plaintiffs,

13  recorded in the Sacramento County Recorder's Office on May 16, 2008; the Notice of Default

14  and Election to Sell, recorded in Sacramento County on June 2, 2010; and the Substitution of

15  Trustee and Assignment of Deed of Trust, assigning the interest in the Deed of Trust from

16  Mortgage Electronic Registration Servicing LP (MERS) to BAC, which was dated June 1, 2010

17  and recorded in the Sacramento County Recorder's Office on June 9, 2010.  These documents

18  are in the public record and are properly subject to judicial notice.  *Lee v. City of Los Angeles*,

19  250 F.3d 668, 688 (9th Cir. 2001).

20  II.  The Complaint

21          As preamble to the specific allegations of their complaint, plaintiffs aver that they

22  are seeking "a determination of what if any party or entity is the owner of the promissory note

23  executed at the time of the loan closing, and whether the deed of Trust secures any obligation of

24  the Plaintiff"[2] and claim they are seeking damages for violations of "statutory duties under the

25  ─────────────────

26          [2]  Throughout the complaint, the term "plaintiff" is used even though there are two
    plaintiffs in the caption.  The court will use the plural except when quoting from the complaint.

3

Truth in Lending Act 15 USC § 1601, Privacy ACT Title 5 U.S.C. § 552(b)(4), and Fair Debt

Collections Practices Act 15 U.S.C. § 1692, and Title 12 USC § 2605, and fundamental fiduciary

duties owed to Plaintiff to enforce Plaintiff's right to his home."  Complaint (Compl.) ¶¶ 2, 4

(verbatim transcription).

Plaintiffs allege that on May 16, 2008, they executed a promissory note for

$280,596 for a loan to purchase the residence at 8986 Halfinger Way in Elk Grove.  *Id.* ¶ 16.

They signed a number of documents that were not explained; their questions were not answered.

*Id.* ¶ 17.  No one from Metrociti Mortgage told plaintiffs that the loan contained a yield spread

premium provision,[3] the cost of which was added as points and fees, yet not disclosed.  *Id.* ¶ 18.

In addition, no one explained certain features of the interest rate, including how and when

adjustments would occur, the basis for calculating the adjustments, or the effect of negative

amortization.  *Id.* ¶¶ 19-20.  Because of the "hidden and/or disguised provisions" in the deed of

trust, plaintiffs say it operates as a cognovit note.  *Id.* ¶ 21.  Plaintiffs did not knowingly waive

their rights by signing this cognovit note because defendant Metrociti failed to provide plaintiff

with sufficient time to read and understand the provisions in the Deed of Trust, which essentially

forfeited plaintiffs' control and ownership of the property.  *Id.* ¶¶ 23-24.  Finally, they allege that

because of a "severance of the ownership and possession of the original Note and Deed of Trust,

they do not know the identity of the Note's true owner with the authority to foreclose and that

therefore there is no right to foreclose."  *Id.* ¶¶ 24-27.

Plaintiffs' causes of actions based on the foregoing allegations are analyzed

below.

/////

---

[3]  "A 'yield spread premium' is a term of art that describes a sum paid by a mortgage lender to a broker. The lender recoups this fee by charging the borrower a higher interest rate." *Down v. Flagstar Bank, F.S.B.*, 2011 WL 1326961, at *4 (E. D. Va. Apr. 4, 2011).

III.  The Motion To Dismiss

    A.  Misrepresentation And Fraud[4]

        Plaintiffs' first cause of action alleges that BAC "engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loan, Defendants, and each of them, failed to properly credit payments made, improperly calculated interest on the accounts, and have failed to accurately debit fees;" that defendants knew the account were not accurate, but accepted plaintiffs' payments "based on the improper, inaccurate and fraudulent representations as to Plaintiff's accounts." *Id*. ¶¶ 35-36.  They contend they were not aware of the fraud until 2010, "when it became increasingly difficult to keep up with the adjusted payments, and Plaintiff began to ask Defendants questions" about the "shifting terms of the agreement." *Id*. ¶ 36.

        BAC argues that plaintiffs' conclusory statements do not meet the heightened pleading standards for fraud and even if they did, plaintiffs could not prevail because they cannot show justifiable reliance on defendant's statements.  ECF No. 5 at 5-6.  Plaintiffs address only a portion of BAC's characterization of their pleading as conclusory by arguing that their continued payment shows their reliance on the fraudulent concealment.  They also argue that the complaint is timely because they did not become aware of the fraud until 2010, even though defendant did not invoke the statute of limitations in its motion.  ECF No. 14 at 3.  In its reply, BAC counters that plaintiffs' attempt to avoid the statute of limitations is unavailing, as the pleading is too conclusory.

        In California, a claim of fraudulent misrepresentation has five elements: (1) misrepresentation, which encompasses false representation, concealment and nondisclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage.  *Lazar v.* /////

---

        [4]  The court analyzes only the complaint's allegations against BAC, as Metrociti has not appeared in this action.

1   *Superior Court*, 12 Cal.4th 631, 637 (1996); *Champlaie v. BAC Home Loans Servicing, LP*, 706

2   F.Supp.2d 1029, 1058 (E.D. Cal. 2010).

3          In addition to the usual pleading requirements of Rule 8, allegations of fraud must

4   meet heightened pleading standards.  Under Rule 9(b), a plaintiff who alleges fraud "must state

5   with particularity the circumstances constituting the fraud," but may "aver[] generally" the state

6   of mind animating the fraud.  The pleading must "'be specific enough to give defendants notice

7   of the particular misconduct . . . so that they can defend against the charge and not just deny that

8   they have done anything wrong.'"  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir.

9   2010) (quoting *Kearns v. Ford Motor Co.,* 567 F.3d. 1120, 1124 (9th Cir. 2009)).  To avoid

10  dismissal, the complaint must describe the time, place and specific content of the false

11  representations and identify the parties to the misrepresentations.  *Id*.; *Dooms v. Federal Home*

12  *Loan Mortgage Corporation*, 2011 WL 1232989, at *14 (E.D. Cal. Mar. 31, 2011).  In addition,

13  a plaintiff may not "lump multiple defendants together" but rather must "differentiate their

14  allegations."  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (quoting *Cisneros v. Instant*

15  *Capital Funding Grp., Inc*., 263 F.R.D. 595, 606-07 (E.D. Cal. 2009)).

16          Plaintiffs' claims do not satisfy Rule 9(b)'s pleading standard: although they do

17  claim that BAC credited payments and calculated interest rates improperly, they do not identify

18  the nature of the claimed improprieties nor suggest when any concealment/misrepresentation

19  occurred.  Although they claim that their reliance on the concealment is demonstrated by their

20  continued payments, the complaint does not make clear the connection, if any, between the fraud

21  and their continued payments.  This portion of the complaint thus is insufficient.

22          In addition, California Civil Code § 338(d) establishes a three year statute of

23  limitations for actions "on the ground of fraud or mistake," but provides that a cause of action for

24  fraud does not accrue "until the discovery . . . of the facts constituting the fraud."  A party is

25  deemed to have discovered the fraud when he "'has reason at least to suspect the factual basis for

26  its elements."  *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal.4th 797, 807 (2005) (quoting *Norgart*

*v. The Upjohn Company*, 21 Cal.4th 383, 398 (1999)).  To rely on a claim of delayed discovery, a plaintiff must allege facts showing that the fraud could not have been discovered earlier even in the exercise of reasonable diligence and identifying how and when plaintiff discovered the fraud. *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406-07 (9th Cir. 1995); *Briosos v. Wells Fargo Bank*, 2011 WL 1740100, at *4 (N.D. Cal. May 5, 2011); but see *Bonds v. Nicoletti Oil, Inc.*, 2008 WL 2233511, at **7-8 (E.D. Cal. May 28, 2008) (questioning whether California pleading standards apply, but finding it plaintiff's burden to plead facts supporting delayed discovery).  Plaintiffs' single, wholly conclusory claim that they did not discover the fraud until 2010 is insufficient.  They will, however, be given leave to amend this portion of their complaint, if they are able to do so keeping in mind the requirements of Federal Rule of Civil Procedure 11.

B. Rescission and Restitution Of Voidable Cognovit Note

Plaintiffs' second cause of action alleges that defendant Metrociti was aware of the cognovit clause in the loan document but failed to provide fair consideration and that Metrociti's successors in interest, including BAC, "cannot be permitted to benefit from the misrepresentations and fraud committed against the Plaintiff."  They also contend that the failure to disclose the cognovit clause as well as the "lack of contractual consent" renders the contract void and unenforceable.  Compl. ¶¶ 42-43.

Defendant argues that the complaint simply asserts without explaining how BAC "benefit[s] from the misrepresentations and fraud" allegedly committed by Metrociti; that the alleged fraud underlying this claim has not been adequately pleaded; and rescission of a loan requires the borrower to return the money received.  ECF No. 5 at 6.  Plaintiffs counter that they have adequately pled the underlying fraud claim, including the discovery of the fraud.[5]

/////

―――――――――――――――――

[5]  In their points and authorities plaintiffs claim they discovered the fraud in 2009; in the complaint, they contend they discovered it in 2010.  *Compare* ECF No. 14 at 4 *with* Compl. ¶ 36.

> The cognovit is the ancient legal device by which the debtor
> consents in advance to the holder's obtaining a judgment without
> notice or hearing, and possibly even with the appearance on the
> debtor's behalf, of an attorney designated by the holder. . . .
>
> In the states which permit its use, the cognovit note authorizes an
> attorney to confess judgment against the person or persons signing
> it. It is written authority of a debtor and a direction by him for the
> entry of a judgment against him if the obligation set forth in the
> note is not paid when due . . . . [I]t cuts off every defense which
> the maker of the note may otherwise have. It likewise cuts off all
> rights of appeal from any judgment taken on it.

*Federal Deposit Ins. Corp. v. Aaronian*, 93 F.3d 636, 637-638 (9th Cir. 1996), quoting *D.H. Overmyer Co., Inc. of Ohio v. Frick*, 405 U.S. 174, 176 & n.2 (1972). It is true, as defendant argues, that plaintiffs have not sufficiently alleged why they could not have discovered the "hidden" nature of the alleged cognovit clauses earlier; "because plaintiff signed the deed of trust containing the alleged cognovit clauses, she has not pled facts showing she was unable to discover the existence of the cognovit clauses at an earlier date even had she exercised reasonable diligence." *Miller v. Washington Mutual Bank FA*, ___ F.Supp.2d ___, 2011 WL 845935, at *4 (N.D. Cal. 2011). However, even if plaintiffs were able adequately to plead the delayed discovery, the complaint would not state a claim. As another district court has observed:

> [T]he power of sale clause at issue is not a cognovit. The relevant
> clause allows Defendants to sell the Geists' property in the event
> of a default on their home equity loan. It does *not* permit the
> Defendants to obtain a judgment against Plaintiffs from a court of
> law without notice or a hearing. Nor does it preclude Plaintiffs
> from challenging the foreclosure in a judicial proceeding or
> prevent Plaintiffs from raising any defense they may have to the
> validity of the debt contract. It similarly fails to cut off Plaintiffs'
> right to appeal any judgment that Defendants obtain through a
> judicial proceeding. In short, the power of sale is not a cognovit.

*Geist v. Onewest Bank*, 2010 WL 3155841, at *4 (N.D. Cal. Aug. 9, 2010) (footnote omitted; emphasis in original); *see* ECF No. 5-1 at 6, 10 (power of sale provisions in the Deed of Trust at issue). This cause of action is dismissed without leave to amend

/////

1    C.  Injunction Against Wrongful Foreclosure Based On Cognovit Note

2         In a confusing combination of claims, plaintiffs seek in their third cause of action

3   to enjoin any foreclosure because they did not receive additional consideration for and did not

4   knowingly waive their rights in connection with the cognovit clause; because Metrociti and

5   BAC, its successor in interest, have engaged in deceptive practices in violation of the Truth in

6   Lending Act (TILA) and the Home Ownership and Equity Protection ACT (HOEPA); because

7   defendants have not fulfilled their contractual obligations to take "'GOOD AND VALID' care of

8   the purported loan documents;" and have not produced necessary documents, including the

9   promissory note and any allonges,[6] the mortgage and deed of trust, and various federal reserve

10  documents; and because of this failure to produce the necessary documents, BAC cannot

11  foreclose on plaintiffs' property and/or collect money.  Compl. ¶¶ 48-65.

12        1.  Cognovit Clause

13        As noted above, the power of sale in a Deed of Trust is not a cognovit clause;

14  plaintiffs' attempt to prevent foreclosure on this ground is unavailing.

15        2.  TILA and HOEPA

16        Plaintiffs contend that Metrocities and BAC, its successor in interest, have

17  engaged in deceptive loan practices but plaintiffs are unaware of the full details.  Compl. ¶ 50.

18        Under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and its implementing

19  regulations, 12 C.F.R. § 226.1, *et seq.*, a lender must make certain disclosures to a borrower

20  before the consummation of a loan, including the finance charges, the annual percentage rate,

21  and the right to rescind the transaction.  15 U.S.C. § 1638(a) & (b) 12 C.F.R. §§ 226.17(b) &

22  226.23(b); *see Yamamoto v. Bank of New York*, 329 F.3d 1167, 1169 (9th Cir. 2003).  TILA

23  /////

24

25        [6] An allonge is a "slip of paper sometimes attached to a negotiable instrument for the
    purpose of receiving further indorsements when the original paper is filled with indorsements."
26  Black's Law Dictionary (9th Ed. 2009).

1    provides causes of action for rescission and damages if the lender does not make the required

2    disclosures.

3              HOEPA is an amendment to TILA, designed to "combat predatory lending,"

4    which applies only to certain high cost loans.  *In re First Alliance Mortgage Co.*, 471 F.3d 977,

5    984 n.1 (9th Cir. 2006); *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1179 (E.D. Cal.

6    2010) (HOEPA is amendment to TILA); 15 U.S.C. §§ 1602(aa) & 1639.  To plead a HOEPA

7    violation, a plaintiff must allege facts that the loan is one covered by the statutes.  *Yulaeva v.*

8    *Greenpoint Mortgage Funding, Inc.*, 2010 WL 5394859, at *4 (E.D. Cal. Dec. 21, 2010).

9              Plaintiffs' single, throw-away line does not state a claim under either of these

10   provisions.

11                     3.  Right To Inspect The Documents/Possession Of The Note

12             Although the basis of this claim is not entirely clear, plaintiffs appear to allege

13   they have a common law right to inspect documents relating to the purchase of their house.

14   Defendants argue that this claim is insufficiently pled because it does not identify the source of

15   the purported right.  ECF NO. 5 at 9.  Plaintiffs do not address this argument in their opposition.

16             As defendants have noted, there appears to be no common law right to demand

17   that the lender and/or servicer present documents for inspection; such a claim makes little sense

18   in light of the fact that most of the documents plaintiffs demand to inspect are publicly recorded

19   or otherwise available in the public record.  *See* ECF No. 5-1 at 4 (Deed of Trust recorded in

20   Sacramento County Recorder's Office).

21             To the extent plaintiffs' claim appears to be that BAC cannot foreclose without

22   possession and production of the note, this argument has been rejected as not required by

23   California's non-judicial forfeiture provisions.  *Champlaie v. BAC Home Loans Servicing, Inc.*,

24   706 F.Supp.2d at 1048-50 (reasoning that the comprehensive statutory scheme of non judicial

25   foreclosure does not include such a requirement); *Gardner v. American Home Mortgage*

26   *Servicing, Inc.,* 691 F.Supp.2d 1192, 1202-03 (E.D. Cal. 2010); Cal. Civ. Code § 2924(a)(1)

1   ("the trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the

2   nonjudicial foreclosure process. . . .").

3          Plaintiffs' third cause of action is dismissed without leave to amend.

4      D.   Quiet Title

5          Plaintiffs contend in their fourth cause of action that defendant has no enforceable

6   interest in 8986 Halfinger Way because of "legally defective loan documentation" and so they

7   seek a declaration that title to the property is theirs and a parallel declaration that BAC has no

8   enforceable interest in it.   Compl. ¶¶ 68-70.

9          Defendants argue that a person is not entitled to quiet the title to the property

10  without demonstrating a willingness and ability to pay the indebtedness.  ECF No. 5 at 11.

11  Plaintiffs contend that tender is not required when the beneficiary has lulled the trustor into not

12  paying or when an injunction hearing is the only way to determine the amount due.  ECF No. 14

13  at 5.

14         The short answer to plaintiffs' first argument is that the complaint does not claim

15  that BAC lulled plaintiffs into not paying; in fact, they allege they continued to pay until 2010

16  based on inaccurate figures.  Compl. ¶ 36.

17         Plaintiffs second argument is similarly unavailing.  They rely on two cases, but

18  neither stands for the proposition they advance: neither *More v. Calkins*, 85 Cal. 177 (1890) nor

19  *Stockton v. Newman*, 148 Cal.App.2d 558 (1957) address the question whether a borrower must

20  tender the amount of the indebtedness in order to quiet title.  *See Miller v. Washington Mutual*

21  *Bank*, ___ F.Supp.2d ___, 2011 WL 845935, at *4 (N.D. Cal. 2011).

22         Tender of the indebtedness is required to quiet title in California.  *Aguilar v. Boci*,

23  39 Cal.App.3d 475, 477 (1974) ("the cloud upon his title persists until the debt is paid"); *Kelley*

24  *v. Mortgage Electronic Registration Systems Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

25  Plaintiffs have not alleged that they "have satisfied their obligations under the Deed of Trust"

26  /////

1  and have not offered to pay their indebtedness under the note.  They have not stated a cause of

2  action for quiet title.

3            E.  Unfair Business Practices

4            Plaintiffs' fifth cause of action alleges that BAC is committing "acts of unfair

5  competition . . . as defined by California Business and Professions Code Section 17200" through

6  a series of fraudulent acts:   deceiving plaintiffs before and during the loan process, failing to

7  disclose the true interest rate on the loan, concealing information, failing to disclose the variable

8  nature of the interest rate and the true value of the property, implying that the loan was a fixed-

9  rate loan when in fact it was fixed only for a period of time.  Compl. ¶¶ 73-75.

10            Defendant argues that because plaintiffs' Unfair Competition Law (UCL) claim is

11  based on purported problems with the loan origination, it does not state a claim against BAC.  It

12  also argues that even if the complaint could be read as referring to it, the UCL claim fails

13  because it is based on alleged fraudulent activities, which have not been sufficiently pled.

14  Finally, it argues that plaintiffs lack standing under the UCL.  ECF No. 5 at 12-13.

15            "To bring a UCL claim, a plaintiff must show either an (1) "'unlawful, unfair, or

16  fraudulent business act or practice," or (2) "unfair, deceptive, untrue or misleading advertising.'"

17  *Lippitt v Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003); *Gardner v. Am.*

18  *Home Mortgage Servicing, Inc*., 691 F.Supp.2d at 1201.  The statute is "'not confined to

19  anticompetitive business practices, but is also directed toward the public's right to protection

20  from fraud, deceit and unlawful conduct.'"  *Hewlett v. Squaw Valley Ski Corporation*, 54

21  Cal.App.4th 499, 519 (1997) (quoting *Children's Television, Inc. v. General Foods Corp.*, 35

22  Cal.3d 197, 209-10 (1983)).

23            Because the statute is phrased in the disjunctive, a practice may be unfair or

24  deceptive even if is not unlawful, or *vice versa*.  *Lippitt*, 340 F.3d at 1043.  An action is unlawful

25  under the UCL and independently actionable if it constitutes a violation of another law.  *Farmers*

26  *Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *Gardner*, 691 F.Supp.2d at 1201.

1  An act is "unfair" under the UCL if it "significantly threatens or harms competition, even if it is

2  not specifically proscribed by another law.  *Cel-Tech Communications, Inc. v. Los Angeles*

3  *Cellular Tel. Co.,* 20 Cal.4th 163, 180, 187 (1999); *Swanson v. EMC Mortgage Corp.*, 2009 WL

4  4884245, at *9 (E.D. Cal. Dec. 9, 2009).  Finally, an action is fraudulent under the UCL if it

5  deceives some member of the public or harms the public interest.  *Patacsil v. Wilshire Credit*

6  *Corp.*, 2010 WL 500466, at *6 (E.D. Cal. Feb. 8, 2010).

7  BAC argues in the alternative that plaintiffs' UCL claim fails because the UCL

8  incorporates other law and none of plaintiffs' other claims is sufficient; that there is no claim

9  against BAC because plaintiffs' claims are based on perceived problems with the loan

10  origination; and that plaintiffs do not have standing under the UCL.

11  In this respect, BAC misreads or misinterprets plaintiffs' complaint; its UCL

12  claim is based on fraud, and thus unfair business practices, rather than on unlawful acts.  *See*

13  Compl. ¶¶ 73-74.  It is correct, however, that the UCL claims, stemming only from loan

14  origination, do not implicate BAC, which the complaint identifies as "a business organization

15  form unknown doing mortgage loan servicing business . . . ."  Compl. ¶ 10.  The complaint does

16  not connect any fraud during the loan origination process with BAC's role as a loan servicer.

17  F.  RICO

18  Plaintiffs allege in their sixth cause of action that BAC is a person, as defined by

19  18 U.S.C. § 1961(3), who associated with an enterprise that conducted its affairs through a

20  pattern of racketeering activities as defined by 18 U.S.C. § 1962(c).  They list eight predicate

21  acts: mail and wire fraud, conversion, deceit in connection with the securitization transaction,

22  securities fraud, loss of profit opportunity, false statements about the value of the collateral and

23  stripping plaintiffs of their ability to secure relief in bankruptcy court, and allege they were

24  harmed by BAC's "wrongful action."   Compl. ¶¶ 81-83.

25  Under 18 U.S.C. § 1962(c), it is unlawful "for any person employed by or

26  associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct

13

1   of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful

2   debt." "Racketeering activity" is defined as a number of "generically specified criminal acts as

3   well as the commission of one of a number of listed predicate offenses," *Sosa v. DirectTV, Inc*.,

4   437 F.3d 923, 939 (9th Cir. 2006); a "pattern of racketeering activity" requires at least two acts;

5   and an unlawful debt is one stemming from illegal gambling.  18 U.S.C. § 1961(1), (5) & (6).

6               Although § 1962 defines a crime, a plaintiff may seek civil remedies for RICO

7   violations if he has been "injured in his business or property by reason of a violation of section

8   1962. . . ."  18 U.S.C. § 1964(c).  The elements of a RICO claim are "(1) conduct (2) of an

9   enterprise (3) through a pattern (4) of racketeering activities (known as 'predicate acts');

10  (5) causing injury to the plaintiff's 'business or property.'"  *Grimmett v. Brown*, 75 F.3d 506,

11  510 (9th Cir. 1996).  This fifth element has two subparts: the plaintiff must show that the injury

12  was proximately caused by the conduct and that he has suffered a concrete financial loss.  *Chaset*

13  *v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1086 (9th Cir. 2002).  When a civil RICO claim is

14  based on fraud, the complaint must meet the pleading standards of Rule 9(b).  *Odom v.*

15  *Mircrosoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007); *In re Countrywide Financial Corp.*

16  *Mortgage Marketing and Sales Practice Litigation*, 601 F. Supp. 2d 1201, 1215 (S.D. Cal.

17  2009).

18               As defendant argues, the complaint fails to satisfy Rule 9(b): the claims do not

19  distinguish between the two defendants and the complaint does not describe "the time, place, and

20  specific content of the false representations."  *Odom v. Microsoft*, 486 F.3d at 553.  To the extent

21  there are any allegations with factual content, they relate to the loan origination and the process

22  of signing the loan documents, not to any actions by BAC.[7]  Nothing in the complaint alerts

23  BAC to its role in the alleged RICO violation.  This claim must be dismissed.

24  /////

25

26        [7] The court does not reach the question on this motion of whether these allegations are otherwise sufficient to state a claim.

IV.  Plaintiffs' First Amended Complaint

On March 16, 2011, plaintiffs filed a first amended complaint without an accompanying notice of motion requesting leave to file it.  ECF No. 10.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a complaint "once as a matter of course" within twenty-one days after serving it or within twenty-one days after a Rule 12(b)(6) motion is filed.  In other cases, parties in plaintiffs' shoes may amend only with leave of the court or the other party's consent.

The amended complaint was not filed within twenty-one days of either the original complaint, filed November 24, 2010, or the motion to dismiss, filed January 6, 2011.  It will be stricken.

V.  The Status Of Service On Metrociti

This action was filed on November 24, 2010 in the Superior Court and removed to this court on December 30, 2010 by defendant BAC.  There is no indication that plaintiffs have effected service on defendant Metrociti.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a court "must dismiss the action" as to a defendant who has not been served within 120 days from the date the complaint has been filed unless plaintiffs show good cause for the failure timely to serve.  Plaintiffs will be given the opportunity to show cause why Metrociti should not be dismissed from this action.

VI.  The Previous Order To Show Cause

BAC filed its motion to dismiss on January 6, 2011 and set the matter for hearing on February 25, 2011.  As plaintiffs had not responded, the court issued an order to show cause, directing plaintiffs to file their opposition by March 7, 2011 and directed counsel to show cause why he should not be sanctioned for failing to file his opposition.  That notice was returned as undeliverable.  ECF No. 8.  The court issued a second order to show cause on March 21, 2011.  ECF No. 13.  Plaintiffs filed an opposition to the motion to dismiss on March 28 and counsel

1  filed his response to the Order To Show Cause on the same day.  ECF Nos. 14, 16.  In his

2  response, counsel explained that his delay in responding to the motion stemmed from the fact

3  that he had not been admitted to the bar of this court.  Based on this representation, the court

4  discharges the order to show cause without sanctioning counsel or dismissing the action for

5  failure to prosecute.

6           IT IS THEREFORE ORDERED that:

7           1.  The Order To Show Cause, issued March 21, 2011 (ECF No. 13) is hereby

8  discharged.

9           2.  The Amended Complaint (ECF No. 10) is stricken.

10          3.  BAC's motion to dismiss (ECF No. 5) is granted as follows:

11                a.  the first cause of action based on misrepresentation and fraud is

12  dismissed with leave to amend;

13                b.  the second cause of action based on the presence of cognovit clauses is

14  dismissed without leave to amend;

15                c.  the third cause of action seeking an injunction against wrongful

16  foreclosure is dismissed without leave to amend;

17                d.  the fourth cause of action to quiet title is dismissed with leave to

18  amend;

19                e.  the fifth cause of action based on unfair business practices is dismissed

20  with leave to amend; and

21                f.  the sixth cause of action based on civil RICO provisions is dismissed

22  with leave to amend.

23          4.  Any amended complaint must be filed within twenty-one days of the date of

24  this order.

25  /////

26  /////

5.   Within twenty-one days of the date of this order, plaintiffs shall show cause why defendant Metrociti should not be dismissed from this action.  Failure to respond will result in an order dismissing Metrociti from this action.

DATED:  August 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

2/dots3484.mtd

17